UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYTRI KALIA,

    Plaintiff,

v.                                            Case No. 07-11013
                                             Hon. Sean F. Cox

ROBERT BOSCH CORPORATION,

    Defendant.
_____

**ORDER DENYING PLAINTIFF'S REQUEST FOR EX PARTE ORDER
FOR ENLARGEMENT OF TIME TO SUPPLEMENT RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's "Request for Ex Parte Order for Enlargement of Time to Supplement Response to Defendant's Motion for Summary Judgment." For the following reasons, Plaintiff's Motion is **DENIED**. The July 10, 2008 hearing date for Defendant's Motion for Summary Judgment remains in effect.

This action arises out of alleged discrimination and retaliation against Plaintiff, Gaytri Kalia, based on her pregnancy. On December 5, 2007, in ruling on a motion to compel, Magistrate Judge Paul Komives ordered Defendant to produce a disc containing emails sent and received by Plaintiff. Magistrate Komives also ordered Defendant to produce emails within Christine Zimmerman and Carrie Moyer's Microsoft Outlook accountS that they sent, and emails sent and received within Elizabeth Taylor's Microsoft Outlook account. Zimmerman, Moyer and Taylor are employees of Defendant.

On March 4, 2008, Defendant filed a motion for summary judgment. The hearing on that

1

motion was originally scheduled for May 1, 2008. However, the hearing was eventually re-scheduled for July 10, 2008.

On March 6, 2008, this Court entered a stipulated order wherein the parties agreed that Defendant would make available for inspection by Plaintiff all of the responsive non-privileged emails. On April 1, 2008, Plaintiff filed a second motion to compel claiming Defendant did not produce all responsive emails. Plaintiff also sought an order allowing its information technology expert to access Defendant's system to ensure there were no further emails that had not been produced. The parties are essentially disputing emails that were "deleted" from the individual's Microsoft Outlook accounts. Plaintiff believes there are responsive emails that may be retrieved from the system although they are no longer within the individual's Outlook account. Defendant argues that the court's order only required Defendant to produce emails found in the inbox and outbox of the individual's Outlook account, not in any and all electronic repositories.

On July 2, 2008, Magistrate Komives denied Plaintiff's motion to compel. Magistrate Komives found that Defendant complied with his December 5, 2007 order granting Plaintiff's motion to compel. [Doc. 66, p.17]. Nonetheless, Magistrate Komives, citing the affidavit supplied by Plaintiff's technology expert, direct the parties to "engage in the discussion proposed by defense counsel's April 3, 2008, letter...[f]ollowing this discussion, plaintiff may request a conference call between counsel for the parties and the Court to determine if any further discovery from defendant should be ordered." [Doc.66, p.19]. According to the court, the April 3, 2008 letter between counsel stated that Defendant did not oppose meeting with Plaintiff's expert to determine if there was a non-obtrusive way to search for emails in the backup system. Defendant's counsel stated they may have been willing to agree to production outside the scope

2

of the order.

On July 8, 2008, Plaintiff filed the instant Motion. Plaintiff asks the Court to order that if Defendant is ordered to produce additional documents based on the discussion directed by the Magistrate's order, Plaintiff shall have 21 days to file a supplemental response to Defendant's motion for summary judgment. Plaintiff also asks the Court to adjourn the hearing until at least 14 days after it is ordered that Plaintiff is not entitled to further discovery or, should Plaintiff receive further discovery, at least 21 days after Plaintiff files her supplemental response. Plaintiff imposes a deadline of July 31, 2008 to request a conference with Magistrate Komives regarding further discovery, otherwise no supplemental brief may be filed and a hearing should be set. A conference with Magistrate Komives may be held on July 17, 2008.

The issue of whether Plaintiff is entitled to any further discovery is not before this Court. Plaintiff is seeking to postpone a ruling on Defendant's motion for summary judgment, and potentially file supplemental briefing, based on the potential of future discovery. Fed.R.Civ.P. 56 (f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

"This court has interpreted Rule 56(f) as requiring a party opposing a summary judgment motion to file an affidavit that 'indicates to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Gettings v. Building Laborers Local 310*, 349 F.3d 300, 305 (6th Cir. 2003)(citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). "This court has pointed out that the importance of

complying with Rule 56(f) cannot be overemphasized." *Id.* (citing *Cacevic*, 226 F.3d at 488). An affidavit that makes only general or conclusory statements regarding the need for more discovery is not sufficient under Rule 56(f). *Ironside v. Simi Valley Hospital*, 188 F.3d 350, 354 (6th Cir. 1999).

Plaintiff directs the Court to three affidavits to support her Motion. In Plaintiff's response to Defendant's motion for summary judgment, Plaintiff filed an affidavit and averred, in pertinent part:

> My lawyer requested all of the emails that I sent or received while working at Bosch, all of the emails that Elizabeth Taylor sent or received during my employment tenure with Bosch and all of the emails Carrie Moyer and Christine Zimmerman sent during my employment tenure with Bosch. I did this because email communication was a routine and regular form of communication throughout my Bosch employment and I believe copies of those emails would demonstrate what occurred to me during my employment. I personally reviewed all of the emails produced by Defendant in response. I believe that they have failed to provide everything that I requested. * * *

[Doc. 44-3, Exhibit B, p.7]. Plaintiff's counsel also submitted an affidavit with the response, wherein he averred that "[a]s specifically explained in paragraph 10 of Gaytri Kalia's Affidavit that is attached as Exhibit B to Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff has requested and not received certain discovery from Defendant." [Doc.46-21, Exhibit TT, p.2]. Plaintiff's counsel further avers, "Plaintiff believes that production of this discovery may have assisted it in its opposition to Defendant's Motion for Summary Judgment and Plaintiff is continuing to diligently attempt to obtain such information." *Id.* Further, Plaintiff's counsel submits another affidavit with the instant Motion. That affidavit refers back to the previous affidavits discussed above, and adds the sentence that "Plaintiff has requested and not received certain discovery from Defendant including various electronic mail which

4

Plaintiff believes exists in Defendant's data system which concerns Plaintiff and her job performance along with Defendant's plans and discussions, mostly between Carrie Moyer and Christine Zimmerman, two of the decision makers with regard to Plaintiff's termination." [Doc. 67, Exhibit A]. Plaintiff's counsel adds at the end of the affidavit that if the documents are produced they "may contain information which would support Plaintiff's Response to Defendant's Motion for Summary Judgment." *Id.*

Neither of the affidavits submitted with Plaintiff's Response to Defendant's Motion for Summary Judgment are sufficient for purposes of Fed.R.Civ.P. 56(f). While the affidavits make clear that Plaintiff is awaiting further discovery, the affidavits do not indicate what material facts she hopes to uncover or why the information was not previously discovered. None of the three affidavits relied on by Plaintiff illustrate to the Court what the value of the further discovery is to the pending motion for summary judgment. Additionally, Plaintiff is only potentially entitled to the discovery she seeks.

Accordingly, Plaintiff's "Request for Ex Parte Order for Enlargement of Time to Supplement Response to Defendant's Motion for Summary Judgment" is **DENIED**. The July 10, 2008 hearing date for Defendant's Motion for Summary Judgment remains in effect.

    **IT IS SO ORDERED.**

                                                            <u>s/Sean F. Cox</u>
                                                             **Sean F. Cox**
                                                             **United States District Judge**

**Dated: July 9, 2008**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYTRI KALIA,

    Plaintiff,

v.    Case No. 07-11013
    Hon. Sean F. Cox

ROBERT BOSCH CORPORATION,

    Defendant.
_____

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing *Order Denying Plaintiff's Request* was served upon counsel of record on July 9, 2008, by electronic and/or ordinary mail.

    s/Jennifer Hernandez
    Case Manager