UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gaytri Kalia

      Plaintiff,

v.                                  Case No. 2:07-CV-11013

Robert Bosch Corporation,            Honorable Sean F. Cox

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**"MOTION TO RECONSIDER**
**AND CLARIFY ORDER ON SUMMARY JUDGMENT"**

Plaintiff filed this action against her former employer on March 8, 2007, alleging

pregnancy discrimination and retaliation in violation of Title VII and the Elliott-Larsen Civil

Rights Act. Following discovery, Defendant filed a Motion for Summary Judgment. After full

briefing by the parties, and oral argument, the Court issued an Opinion & Order on July 22,

2008, in which it denied Defendant's Motion.

On August 5, 2008, Defendant filed the instant "Motion to Reconsider and Clarify Order

on Summary Judgment" (Docket Entry No. 71), brought pursuant to Rule 7.1(g) of the Local

Rules for the United States District Court, Eastern District of Michigan. In its Motion,

Defendant asks the Court to: 1) reconsider its rulings with respect to Plaintiff's prima facie case

of retaliation; and 2) clarify the Opinion & Order as it relates to "Plaintiff's hostile work

environment claim." For the reasons set forth below, Defendant's Motion shall be DENIED.

Local Rule 7.1(g) provides that a motion for reconsideration should only be granted if the

movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. L.R. 7.1(g).  Local Rule 7.1(g) further provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

Having reviewed Defendant's motion, the Court concludes that Defendant's motion fails to meet these requirements.  The Court remains satisfied that Plaintiff has established a prima facie case of retaliation.

The Court also finds Defendant's request for clarification as to the status of "Plaintiff's hostile work environment claim" to be without merit.  This Court does not read Plaintiff's complaint as having *alleged* a hostile work environment claim.  Moreover, in her response to Defendant's Motion for Summary Judgment, Plaintiff confirmed that she has not asserted a hostile work environment claim.  (*See* Docket Entry No. 43 at 17).  Because Plaintiff's complaint does not assert a hostile work environment claim, and because Plaintiff has confirmed that she has not asserted a hostile work environment claim, it is unnecessary for this Court to order the "dismissal" of such a claim.

Accordingly, IT IS ORDERED that Defendant's Motion is DENIED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

2